UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ALBERT ABDALLA, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:25-cv-00126-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTINE HILLIARD, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Respondent. | ) | **ORDER** |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Albert Abdalla is incarcerated at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Abdalla filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he claims that the Federal Bureau of Prisons ("BOP") is improperly failing to timely transfer him to community placement. [R. 1].

This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court will deny Abdalla's petition without prejudice because it is plainly apparent from the face of his submission that he has not yet fully exhausted his administrative remedies. *See Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at \*2 (6th Cir. Sept. 20, 2017).

Under the law, there is a multi-tiered administrative grievance process within the BOP. If a matter cannot be resolved informally via a so-called BP-8 Form, the prisoner must file a BP-9 Administrative Remedy Request Form with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional

Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond.  *See* 28 C.F.R. §§ 542.15 and 542.18.

Here, it is plainly apparent that Abdalla has not yet fully exhausted his administrative remedies.  Indeed, Abdalla affirmatively indicates that he only "initiated" the administrative remedy process via the BP-8 Form and has not pursued—let alone completed—the BP-9, BP-10, and BP-11 stages.  [*See* R. 1 at 3-4; R. 1-1 at 3-4].  And although Abdalla claims that completing the exhaustion process "would be futile," he neither clearly explains why this would be the case nor correctly identifies binding legal authority that allows him to bypass the administrative grievance process and immediately proceed with his § 2241 petition.  In this situation, where a petitioner's failure to exhaust his administrative remedies is apparent from the face of the pleading itself, sua sponte dismissal is appropriate.  *See Kenney v. Ormond*, No. 17-5889 (6th Cir. May 7, 2018) (affirming this Court's decision denying a § 2241 petition for failure to exhaust).  Ultimately, this result will allow Abdalla to promptly raise the matter at hand with his Warden and, if necessary, the applicable BOP Regional Director and the BOP's General Counsel before potentially returning to federal court and filing a new civil action.

Accordingly, it is **ORDERED** that:

1. Abdalla's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED** without prejudice.  If necessary, Abdalla may file a new habeas petition regarding the matter raised once he has fully exhausted his administrative remedies;

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

3. The Court will enter a corresponding Judgment.

This 23rd day of July, 2025.

Gregory F. Van Tatenhove
United States District Judge